**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

v.  No. CR-99-0164 JP

ARMANDO PALOMINO,

    Defendant.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's motion for appointment of counsel (Doc. 143) filed April 21, 2005. In the motion, Defendant asks the Court to appoint counsel to help him file a motion to amend his sentence. Defendant was convicted of cocaine distribution and conspiracy charges, in violation of 21 U.S.C. §§ 841(b)(1)(A)-(C), 846. The Court entered judgment on Defendant's conviction on June 15, 2000, and his appeal was dismissed on August 10, 2000. He asserts that he is eligible for relief under *United States v. Booker*, 543 U.S. 220 (2005). He also asserts that the sentencing range applicable to his conviction has been lowered retroactively by Amendments 518 and 591 of the United States Sentencing Guidelines ("U.S.S.G."). Defendant contends that his sentence should be reduced accordingly.

Defendant's allegations under the *Booker* decision provide no support for his motion. By its express terms, *Booker* applies only to pending cases and those on direct review. *See Booker*, 543 U.S. at 268; *United States v. Bellamy*, 411 F.3d 1182, 1186 (10th Cir. 2005); *and see United States v. Atayde*, No. 05-1273, 2005 WL 2822475, at *2 (10th Cir. Oct. 28, 2005) ("*Booker* is not retroactively applicable . . . ."). The Court will not appoint counsel to assist Defendant in pursuing

claims under *Booker*.

Nor is relief available on Defendant's claims under the United States Sentencing Guidelines ("U.S.S.G."). First, Amendment 518 was enacted before Defendant was sentenced and thus can not be applied retroactively. And second, because Defendant's offense did not implicate U.S.S.G. § 2.D1.2, his sentencing range was not affected by Amendment 591. "Amendment 591 amends § 1B1.1(a), § 1B1.2(a), the Commentary to § 1B1.2 and § 2D1.2, and Appendix A (Statutory Index)." *United States v. Gibson*, 50 F. App'x 944, 947 (10th Cir. Nov. 12, 2002) (citing U.S.S.G. § 1B1.10(c) p.s.). "While Amendment 591 is given retroactive effect under § 1B1.10, . . . [t]he district court sentenced [Defendant] under USSG § 2D1.1 and not under § 2D1.2. Therefore, Amendment 591's changes to § 2D1.2 do not impact his sentence." *Id.*; *see also United States v. Chambers*, 46 F. App'x 276, 277 (6th Cir. Sep. 5, 2002). The provisions of Amendment 591 do not apply to Defendant's sentence, and the Court will not appoint counsel to assist in pursuing a claim under 18 U.S.C. § 3582(c).

IT IS THEREFORE ORDERED that Defendant's motion for appointment of counsel (Doc. 143) filed April 21, 2005, is DENIED;

IT IS FURTHER ORDERED that, in accordance with *United States v. Espinosa-Talamantes*, 319 F.3d 1245, 1246 (10th Cir. 2003), Defendant is hereby NOTIFIED that a notice of appeal from this order must be filed within ten days after entry of the order.

_____
SENIOR UNITED STATES DISTRICT JUDGE